IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONICEN PINNOCK,** : | |
| Plaintiff, : | |
| : | |
| v.  : | **CIVIL ACTION NO. 25-CV-5276** |
| : | |
| **UNIVERSITY OF** : | |
| **PENNSYLVANIA HOSPITAL,** *et al.*, : | |
| Defendants. : | |

MEMORANDUM

**PADOVA, J.**                                                                                                **OCTOBER 9, 2025**

Plaintiff Monicen Pinnock filed this *pro se* civil action asserting constitutional claims following a September 14, 2023 visit to the Hospital of the University of Pennsylvania at Cedar Avenue ("HUP Cedar"). She seeks leave to proceed *in forma pauperis*. Named as Defendants are the University of Pennsylvania Hospital; University of Pennsylvania, Risk Management; University of Pennsylvania, Cedar Emergency; UPHS Cernmill Laboratory; Jillian Baron, M.D.; Maria Camelo Lazzo, RNP; Ann Shotmiller, RN; an "Unknown Phlebotomist"; and "all medical doctors and practitioners involved."[1] (Compl. (ECF No. 2) at 1-2.) For the following reasons, the Court will grant Pinnock leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] Some of these Defendants are named in the caption of the Complaint (*see* Compl. at 1) while others are specifically listed as Defendants in the area of the form Complaint where Pinnock was directed to provide information for each defendant named (*see id*. at 1-2). Liberally construing the Complaint, the Court will assume that Pinnock intended to name all of the individuals and entities identified.

I.      **FACTUAL ALLEGATIONS**[2]

On September 14, 2023, Pinnock visited the emergency room at HUP Cedar for treatment of cold and flu symptoms. (Compl. at 4, *see also* ECF No. 2-2 at 1.) Upon arrival, she was placed in a shared room[3] and underwent a series of tests, including an HIV test, before she was sent home. (Compl. at 4.) Pinnock alleges that she received a call on September 18, 2023 from Jillian Baron, M.D., an infectious disease specialist, who told Pinnock that she needed to come in.[4] (*Id.*) When Pinnock arrived, Baron discussed the results of Pinnock's emergency room visit and told Pinnock that her HIV test came back positive. (*Id.*) Pinnock shared her sexual history and explained that, because she tested frequently and had recently given birth, the results must be a mistake. (*Id.*) Pinnock requested and took a "viral load confirmatory test." (*Id.*) Baron counseled Pinnock on living with HIV and sent an HIV medication to Pinnock's pharmacy. (*Id.*) On September 19, 2025, Pinnock received another call from Baron who told her that because her viral load test was negative, the earlier HIV test was a false positive. (*Id.*) When Pinnock

---

[2] The factual allegations set forth in this Memorandum are taken from Pinnock's Complaint (ECF No. 2), the Exhibits thereto consisting of medical records and email correspondence (ECF No. 2-1), and Pinnock's "Affidavit of Truth" (ECF No. 2-2). The Court adopts the pagination assigned to these documents by the CM/ECF system.

On October 1, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* ECF No. 6.) According to the Defendants, Pinnock attempted to serve them with a copy of the Complaint, Exhibits, and "Affidavit of Truth" on September 12, 2025. (ECF No. 6-1 at 2-3.) Defendants also received a "Civil Action Addendum" dated August 28, 2025 that was signed by Pinnock. (ECF No. 6-6.) The Civil Action Addendum, which predates the filing of the Complaint in this case, was not included with Pinnock's Complaint, nor has it since been filed with the Court by Pinnock.

[3] Pinnock avers that she was placed in a room with another woman who "tested positive" for an unknown medical test. (ECF No. 2-2 at 1.)

[4] Pinnock avers that she was contacted by the Center for Infectious Disease Control on September 18, 2023. (ECF No. 2-2 at 1.) Baron, however, is affiliated with Penn Infectious Diseases Penn Presbyterian. (*See* ECF No. 2-1 at 4-6.)

questioned Baron as to "what could have caused the false positive," Baron stated that she did not know but that Pinnock's future HIV tests would show positive, and Pinnock would have to follow up with viral load confirmatory testing in the future. (ECF No. 2-2 at 2; *see also* Compl. at 4.)

Based on the foregoing allegations, Pinnock asserts claims pursuant to the Fifth and Fourteenth Amendments to the United States Constitution as well as "the States's Due Process Clause."[5] (Compl. at 3.) She seeks $250,000 in monetary damages for "multiple injuries" sustained, including, *inter alia*, "pain and suffering, mental anguish, loss of quality of [life] and deterioration of spousal and family relationships." (*Id.* at 4-5.)

This is not the first time Pinnock has brought a suit in federal court asserting constitutional claims based on what appear to be the same underlying events: the receipt of a false positive HIV test result. On July 14, 2025, the Court dismissed with prejudice Pinnock's claims against HUP Cedar, Fourth Generation HIV Testing, Penn Presbyterian Infectious Diseases, and Jillian Tracey Baron, MD, MPH. *See Pinnock v. Univ. of Penn at Cedar*, Civ. A. No. 25-1824, 2025 WL 1933710 (E.D. Pa. July 14, 2025). The Court dismissed Pinnock's claims because she failed to specifically identify what each of the Defendants did, or failed to do, to violate her constitutional rights. *Id.* at *2 (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'"

---

[5] "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). As there is no applicable private right of action, Pinnock could not state any such claim under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution."); *Miles*, 788 F. App'x at 167 ("To the extent that [the plaintiff] intended to allege violations of the Pennsylvania Constitution, he failed to state a claim[.]" (citation omitted)).

was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims)). The Court further determined that regardless of Pinnock's failure to allege personal involvement, her constitutional claims nonetheless failed because there was nothing in the Complaint that suggested any factual or legal basis for concluding that the Defendants were state actors who could be liable under § 1983. *Id.* at *3 (citations omitted). Pinnock did not appeal the final dismissal of her claims.

## II. STANDARD OF REVIEW

The Court grants Pinnock leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Pinnock's Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (quotation omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Pinnock's favor, and consider only whether the Complaint, construed liberally, "contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive

4

dismissal just by alleging the conclusion to an ultimate legal issue."). Because Pinnock is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

"With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) (citations omitted); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)" (citation omitted)).

## III.   DISCUSSION

As we noted in dismissing Pinnock's prior action, Pinnock's constitutional claims fail because none of the Defendants are alleged to be state actors. Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Thus, a private entity may be considered a state actor for purposes of § 1983 where it "has exercised powers that are traditionally the exclusive prerogative of the state" or "acted with the help of or in concert with state officials," or where "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (internal quotations omitted).

5

Pinnock has not alleged facts to support a plausible conclusion that any of the Defendants meet any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis for concluding that the Defendants are state actors who could be liable under § 1983. *See, e.g.*, *Pa. Informed Consent Advocs., Inc. v. Univ. of Pa. Health Sys.*, Civ. A. No. 21-4415, 2022 WL 2316648, at *2-4 (E.D. Pa. June 28, 2022) (concluding that the University of Pennsylvania Health System is not a state actor); *Howard v. Einstein Hosp.*, Civ. A. No. 20-1101, 2020 WL 4584035, at *4 n.7 (E.D. Pa. Aug. 10, 2020) (explaining that "private hospitals and their employees are generally not 'state actors' subject to liability under § 1983" (citing *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004))); *Bess v. Albert Einstein Hosp.*, Civ. A. No. 21-4059, 2022 WL 685537, at *3 (E.D. Pa. Mar. 8, 2022) (concluding that Albert Einstein Hospital and its employees were not state actors for purposes of § 1983 claim); *Chrupcala v. Chester Cnty. Hosp.*, Civ. A. No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that defendants Chester County Hospital and its privately employed nurse were not state actors, and, therefore, could not face liability under § 1983). Because none of the Defendants are alleged to be state actors, Pinnock's present Complaint, like her previous one, must be dismissed.[6]

---

[6] We further note that because Plaintiff's prior case raised the same causes of action based on the same alleged events, and because our July 14, 2025 dismissal of that action with prejudice was a final judgment on the merits, claim preclusion bars Plaintiff's present claims, at least as to HUP Cedar and Baron, who were named in both suits. *See Marmon Coal Co. v. Dir., Off. Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quotation omitted); *see also Gimenez*, 202 F. App'x at 584 ("A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." (citation omitted)).

Additionally, although Pinnock names UPHS Cernmill Laboratory, RNP Lazzo, RN Shotmiller, an "Unknown Phlebotomist," and "all medical doctors and practitioners involved" in the current Complaint, she has not alleged specifically what each of these Defendants did, or did not do, to violate her constitutional rights. *See Lawal*, 546 F. App'x at 113 (pleading that relied on

Moreover, to the extent that Pinnock intended to raise any state law claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[7] Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).  It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, Civ. A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

---

"repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims).  Pinnock has made no allegations describing how any of these individuals or entities were personally responsible for any alleged constitutional violations.  Accordingly, to the extent Pinnock seeks to present claims against these Defendants, she has not alleged sufficient facts to proceed against them.

[7] Having dismissed Pinnock's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3).

Pinnock does not allege the citizenship of the parties in the Complaint. However, she indicates Pennsylvania addresses for herself and the Defendants (*see* Compl. at 1-2), which suggests that she and at least some of the Defendants are Pennsylvania citizens. Accordingly, Pinnock has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she sought to pursue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Pinnock leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety. Pinnock's federal law claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given because the Court concludes that any attempt at amendment would be futile under the circumstances of this case. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Pinnock is warned that if she continues to repeatedly pursue claims that have already been resolved and rejected, the Court will consider whether it is appropriate to limit her ability to file in the future.

An appropriate Order follows, which dismisses this case.[8]  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

[8] Given the dismissal of this case on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will deny Defendants' Motion (ECF No. 6) as moot.